FILED - USDC -NH
2022 DEC 16 PM 12:31

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO.

| | |
|---|---|
| CARPENTIER CONSTRUCTION, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SHAWN ALLYN & | ) |
| EDWARD BORGATTI | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Shawn Allyn and Edward

Borgatti (collectively "Removing Defendants"), with reservation of all rights, hereby remove the

above-captioned case from Rockingham County Superior Court, to the United States District

Court for the District of New Hampshire. Removing Defendants set forth below a short and

plain statement of the grounds for removal:[1]

1. As explained below, this Court has diversity jurisdiction under 28 U.S.C. §§ 1332 and

1441, et seq. Complete diversity of citizenship exists between Plaintiff and Removing

Defendants, as the amount in controversy exceeds $75,000.00. Plaintiff is a New Hampshire

Limited Liability Company. Removing Defendants are individuals who reside and are domiciled

in the Commonwealth of Massachusetts. *See Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89

(2005).

---

[1] By removing this action to this Court, Removing Defendants do not waive any defenses,
objections, or motions available under state or federal law. Removing Defendants expressly
reserve their right to move for severance, dismissal of some or all of Plaintiff's claims, and/or
seek dismissal on the grounds of lack of personal jurisdiction, improper venue, or under the
doctrine of forum non conveniens.

## I.    **THE STATE COURT ACTION**

2.  On October 31, 2022, Plaintiff Carpenter Construction, LLC filed this action in the Rockingham County Superior Court in the State of New Hampshire bearing Civil Action Number: 218-2022-CV-00947.

3.  The action involves allegations that the Plaintiff completed contracted work and is owed monies by the Removing Defendants and their lender. (Compl., attached hereto as Exhibit 1).

4.  Plaintiff filed an Ex Parte Petition to Secure Mechanics Lien with the Court seeking general equitable relief in addition to monetary damages.

5.  The Complaint was not served upon the Removing Defendants until after November 23, 2022 via certified mail. *See* Aff. of Shawn P. Allyn, attached hereto.

6.  Pursuant to the New Hampshire Statute,  the Removing Defendants are entitled to object to the exparte attachment and are entitled to a hearing.   *See* RSA 447, *see also H.E. Contracting v. Franklin Pierce College*, 2005, 360 F.Supp.2d 289 .

7.  Removing Defendants maintain that Plaintiff owed a duty to the State Court to to disclose all the facts in seeking its attachment and that Plaintiff cannot met its statutory obligation to maintain such exparte attachment and lacks clean hands in equity.

8.   Plaintiff alleges specific damages in Count I in the amount of $50,403.76.

9.   Plaintiff further seeks *unspecified* damages in Count II, Unjust Enrichment, including that it is entitled to alleged extracontractual work for goods and services provided.

10.  Plaintiff further seeks *unspecified* damages in Count III in express contract claiming Attorney Fees and 18% percent interest on specified and unspecified damages it claims.  *See* Exhibit 1, p. 5-7.

2

11. Removing Defendants will object to the attachment, seek that it be dissolved, will assert counterclaim and defenses and seek their own attachments in amounts to exceed $150,000.00 for breach of contract, breach of implied and express warranties and violation of the New Hampshire Consumer Protection Statute which arise from this transaction.

## II.    REMOVAL IS PROPER BECAUSE THE COURT HAS DIVERSITY JURISDICITION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

12. Removal is proper under 28 U.S.C. § 1332 because (1) all Plaintiffs and Removing Defendants are citizens of different states; and (2) amounts in controversy reasonably exceed $75,000.00.

### A.    The Amount-in-Controversy Requirement Is Satisfied

13. Pursuant to 28 U.S. C. §§ 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. Although Count II claims unspecified damages in equity, Count III claims unspecified contractual damages in Attorney fees and 18% interest.

14. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). In the event that the defendant's amount in controversy allegation is contested, the parties must be given the opportunity to submit proof to support their allegations, and the court must then decide whether the amount in controversy requirement has been satisfied by the preponderance of the evidence. *Id.* Based upon the nature of the claims and transactional derivative counterclaims, it will be facially evident from

3

the allegations in the Plaintiff's Complaint and Counterclaims[2] that the amount in controversy is in excess of $75,000.00 and that the amount in controversy under 28 U.S.C. § 1332 is therefore satisfied.

### 1. Count II of the Complaint seeks unspecified damages in addition to $50,000.00

15. When the Complaint does not claim a specific amount of damages, the court must determine whether it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional requirement, the Court need look to the notice of removal and any other materials submitted by the Removing Defendants only if the jurisdictional amount is not facially apparent from the complaint. *See Evan v. Yum Brands, Inc, et al,* 326 F.Supp.2d 214 (D. New Hampshire). 28 U.S.C.A. § 1332(a). Moreover, Plaintiff claims money owed for goods and services from "extracontractual work" without providing any factual details of any agreement or terms on the claimed extracontractual work. These additional claims are unknown to the Removing Defendants based upon the conduct of the Plaintiff.

### 2. Count III of the Complaint seeks unspecified damages in form of contracted Attorney Fees which are included in the amount in controversy and an exception to 28 U.S.C., § 1332

16. Plaintiff includes an unspecified amount of damages in attorney fees through a a written contract as alleged. *See* Exhibit 2, ¶ 7 attached hereto. In *Tremblay v. Phillips Morris, Inc,* 231 F.Supp.2d 411 (D. New Hampshire), the Court in analyzing whether district court has diversity jurisdiction over removed action, held that attorney's fees are excluded from the amount-in-controversy determination, except when fees are provided for by contract, and when statute mandates or allows payment of fees. 28 U.S.C.A. §§ 1332, 1441. If Plaintiff's

---

[2] Removing Defendants will file their Answer, Counterclaim, Defenses, Objections to Exparte Attachment and will seek their own general real estate attachment which will be supported by expert testimony relative to the construction defects and damages.

claim for legal fees is accepted as true, it is arguably calculable that those fees places Plaintiff's claim well above the jurisdictional threshold establishing diversity jurisdiction.

The First Circuit has repeatedly held that such fees are to be included in the amount in controversy.   In *Velez v. Crown Life Insurance*, 599 F.2d 471, 474 (1st Cir.1979), the Court of Appeals for this Circuit teaches that attorney's fees are properly included in determining the sufficiency of the requisite jurisdictional amount. It stated that:

> [a]s a general rule, attorney's fees are excludable in determining the matter in controversy ... [t]here are, however, two logical exceptions to this rule: one, where the fees are provided for by contract, and, two, where a statute mandates or allows the payment of such fees [citing *Missouri State Life Insurance Co. v. Jones*, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (1933), plus several other cases].

quoting directly from *Billings Co. Inc. v. Pine Street Realty* Associated *Limited Partnership*, 754 F.Supp. 10.

### 3. Count III of the Complaint seeks interest & costs  in the form of contracted interest and costs which are included in the amount in controversy as an exception to  28 U.S.C., § 1332

17. Count III of the Plaintiff's Complaint seeks contracted interest of 18% percent and all cost of collections of such fees, presumably reasonable costs and expert fees associated with the prosecution of the action.   The yearly statutory interest on the specified damages on Count I of $50,403.76 are over $9,000.00 annually.   For the reasons the unspecified attorney fees are calculated in the amount in controversy so should the contracted interest.   Such calculations place this case with the presumed attorney fees well over the diversity threshold.

### III.    PLAINTIFF DID NOT FILE ITS COMPLAINT IN GOOD-FAITH AND REMOVING DEFENDANTS SHOULD NOT BE DEPRIVED OF FEDERAL DIVERISTY JURISDICTION

18. Outside of specified and unspecified claims of monetary damages, Plaintiff makes claims in equity including one for an exparte attachment while having omitted material facts to the trial court in his initial filings.   The Plaintiff was fully aware at the time he filed the state court action of his own breaches of the construction contract and that the parties damages exceeded his claimed amounts.    "For the purpose of establishing diversity jurisdiction, the amount in controversy is determined by looking to the circumstances at the time the Complaint [was] filed."   In general, the sum of damages claimed by the Plaintiff provides the amount in controversy, if the claim is made in *good faith. See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Coventry Sewage*, 71 F.3d at 4, quoting directly from *Nollet v. Palmer,* 2002 WL 1674379 (D. New Hampshire).  Good-faith is the controlling factor.    The Plaintiff's claims lack good-faith.

19. The Plaintiff refused to respond to claims of defects and to complete contracted items since May of 2022.   The Plaintiff abandoned the subject project and was aware that the Removing Defendants' lender was not paying the last payment due to Plaintiff's incompletion of the project.  Moreover, Removing Defendants were still communicating with and were waiting to hear from the Plaintiff when served with the subject legal action.   The Plaintiff proceeded in bad-faith under the terms of the contract as he refused to correct known defects and did not build the property in accordance to local building codes and ordinances.   The Plaintiff further has initiated actions whereby exercising terms in the contract which  state "he may cancel the agreement and/or seek legal remedies."   *See* Exhibit 2, ¶ 7.  Plaintiff did so without providing any notice to the Removing Defendants.    Removing defendants maintain that they have been

prejudiced by this action.    In *Logic Associates, Inc. v. Time Share Corp.* 124 N.H. 565,  the Supreme Court of  New Hampshire found that Plaintiff's right to arbitration, provided by license and service agreement's arbitration clause, was waived when plaintiff filed common-law writ for damages in superior court against defendant.   Similarly, Removing Defendants maintain that Plaintiff has waived such rights in initiating legal and equitable claims against them.

20. Removing Defendants were attempting to comply with the terms of the contract and to reasons with the Plaintiff based upon the way he left the construction project.   The Plaintiff omitted all these facts in his initial pleadings in the state court.   However, Plaintiff's maneuvers were made in attempt to assist himself and prejudice the Removing Defendants. In general, a party waives its right to arbitration if it (1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts.  The Plaintiff in this case cannot have it both ways, lacks clean hands and this Court can exercise jurisdiction over these claims for the reasons outlined herein.

## IV.    DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIRMENTS FOR REMOVAL

21. Upon information and belief, the Complaint was served upon the Defendants on November 23, 2022 via certified mail to their domiciled address in the Commonwealth of Massachusetts.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C., § 1446(b) and Fed. R. Civ. P. 6 (a)(1)(c).

22. Both Defendants consent to the removal.

23. The Rockingham County Superior Court is located within the United States Court for    •

the District of New Hampshire.  Venue is thus proper pursuant to 28 U.S.C. § 118(a) because

this it the "district and division embracing the place where such action is pending." 28 U.S.C. §

1441 (a).

24. No previous application has been made for the relief requested herein.

25. Pursuant to 28 U.S.C., § 1446(a), a copy of all process, pleadings, and orders served

upon Removing Defendants, which includes the Summons, Complaint and Writ of Attachment,

is attached hereto as Exhibit 1.  No further process, pleadings, and orders have been served in the

Rockingham County Superior Court to the removing parties knowledge.

26. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served

upon Counsel for Plaintiffs, and a copy is being filed with the Clerk of the Rockingham County

Superior Court.

27. By removing this action to this Court, Removing Defendants do not waive any

Defenses, objections or motions available under state or federal law.  Removing Defendants

expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to

Rule 12 of the Federal Rules of Civil Procedure.

Wherefore, Defendants Shawn Allyn and Edward Borgatti give notice that the matter

bearing civil action number 218-2022-CV-00947 in the Rockingham County Superior Court is

removed to this Court pursuant to 28 U.S.C. § 1441.

This 15th day of December 2022.

/s/  Shawn P. Allyn                                      /s/ Edward P. Borgatti

_____          •          _____          •
Shawn P. Allyn                                          Edward P. Borgatti
Pro Se                                                  Pro Se
110 Elizabeth Street                                    110 Elizabeth Street
Feeding Hills, MA 01030                                 Feeding Hills, MA 01030
(413) 535-7440                                          (413) 530-6574
Email:  sallyn@allynandball.com                         Email: ed@borgatti.com

8

## CERTIFICATE OF SERVICE

The undersigned hereby certify that they have caused a copy of the foregoing removal petition to be mail first-class, postage prepaid to William Warren, Esq. of Donahue, Tucker & Ciandella, 16 Acadia Lane, Exeter, New Hampshire 03833 this 15ᵗʰ day of December 2022.

Removing Defendants will also cause a copy of the same to be filed with the Clerk of the Rockingham County Superior Court.


/s/  Shawn P. Allyn                          /s/ Edward P. Borgatti

_____                _____
Shawn P. Allyn                               Edward P. Borgatti
Pro Se                                       Pro Se
110 Elizabeth Street                         110 Elizabeth Street
Feeding Hills, MA 01030                      Feeding Hills, MA 01030
(413) 535-7440                               (413) 530-6574
Email:  sallyn@allynandball.com              Email: ed@borgatti.com

# EXHIBIT 1





16 Acadia Lane, P.O. Box 630
Exeter, NH 03833-4936

Shawn Allyn
110 Elizabeth Street
Feeding Hills, MA 01030



Lawyers
*Dedicated to Clients*

CELEBRATING OVER 35 YEARS OF SERVICE TO OUR CLIENTS

LIZABETH M. MACDONALD
JOHN J. RATIGAN
DENISE A. POULOS
ROBERT M. DEROSIER
CHRISTOPHER L. BOLDT
SHARON CUDDY SOMERS
DOUGLAS M. MANSFIELD
KATHERINE B. MILLER
CHRISTOPHER T. HILSON
HEIDI J. BARRETT-KITCHEN
JUSTIN L. PASAY
ERIC A. MAHER
CHRISTOPHER D. HAWKINS
VASILIOS "VAS" MANTHOS
ELAINA L. HOEPPNER
WILLIAM K. WARREN

RETIRED
MICHAEL J. DONAHUE
CHARLES F. TUCKER
ROBERT D. CIANDELLA
NICHOLAS R. AESCHLIMAN

*Please respond to our Exeter office*

November 23, 2022

*VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED/FIRST CLASS MAIL*

Shawn Allyn
110 Elizabeth St.
Feeding Hills, MA 01030

> **Re:   Carpentier Construction, LLC v. Shawn Allyn, et al**
> **Docket No. 218-2022-CV-00947**

Dear Mr. Allyn:

I represent Carpentier Construction, LLC.  Enclosed is the Notice of Service of Process, pursuant to RSA 510:4, in regard to the above-referenced matter.

Copies of this process were previously served upon the New Hampshire Secretary of State on November 17, 2022, pursuant to RSA 510:4, and this notice is sent to you to complete service upon you as defendant.

Very truly yours,

**DONAHUE, TUCKER & CIANDELLA, PLLC**

William K. Warren, Esquire
wwarren@dtclawyers.com

WKW:sc
Enclosure

cc: Carpentier Construction, LLC

DONAHUE, TUCKER & CIANDELLA, PLLC
16 Acadia Lane, P.O. Box 630, Exeter, NH 03833
111 Maplewood Avenue, Suite D, Portsmouth, NH 03801
Towle House, Unit 2, 164 NH Route 25, Meredith, NH 03253
83 Clinton Street, Concord, NH 03301

1-800-566-0506

www.dtclawyers.com

## Merrimack County Sheriff's Office

DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

SHAWN ALLYN
110 ELIZABETH ST
FEEDING HILLS, MA 01030

AFFIDAVIT OF SERVICE

MERRIMACK, SS.                                    11/ 17 /2022

I, DEPUTY HARRY J THORNLEY, this date at 1031 a.m./p.m., summoned
the within named defendant SHAWN ALLYN as within commanded by leaving at
the office of David Scanlan, Secretary of State of New Hampshire, its true
and lawful Attorney for the service of process under, and by virtue of,
Chapter 510:4, New Hampshire Revised Statutes Annotated, as amended, a true
and attested copy of this Summons and Complaint, and I paid the Secretary
of State ten ($10.00) dollars as his fee for accepting service.

FEES

```
    Service       $30.30
    Postage         1.00
    Travel          0.00
    PD to SOS      10.00

TOTAL            $41.30
```

DEPUTY HARRY J THORNLEY
Merrimack County Sheriff's Office

# Merrimack County Sheriff's Office
DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

EDWARD BORGATTI
110 ELIZABETH ST
FEEDING HILLS, MA 01030

AFFIDAVIT OF SERVICE

MERRIMACK, SS.                           11/ 17 /2022

I, DEPUTY HARRY J THORNLEY, this date at ___1031___ (a.m) /p.m., summoned
the within named defendant EDWARD BORGATTI as within commanded by leaving
at the office of David Scanlan, Secretary of State of New Hampshire, its
true and lawful Attorney for the service of process under, and by virtue
of, Chapter 510:4, New Hampshire Revised Statutes Annotated, as amended, a
true and attested copy of this Summons and Complaint, and I paid the
Secretary of State ten ($10.00) dollars as his fee for accepting service.

FEES

    Service      $30.30
    Postage        1.00
    Travel         0.00
    PD to SOS     10.00

TOTAL            $41.30

                                    _____
                                    DEPUTY HARRY J THORNLEY
                                    Merrimack County Sheriff's Office

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH 03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION
## EX PARTE ATTACHMENT MADE
RSA 511-A



Case Name:    **Carpentier Construction, LLC v Shawn Allyn, et al**
Case Number:    **218-2022-CV-00947**

Date Complaint Filed: October 31, 2022

A Complaint has been filed against Shawn Allyn; Edward Borgatti in this Court. An Order has already been made by the Court that affects Shawn Allyn; Edward Borgatti. Copies of the Order and Complaint are attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| December 16, 2022 | Carpentier Construction, LLC shall have this Summons and the attached Complaint served upon Shawn Allyn; Edward Borgatti in hand. |
| January 06, 2023 | Carpentier Construction, LLC shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Shawn Allyn; Edward Borgatti must electronically file an Appearance and Answer or other responsive pleading with this Court. A copy of the Answer or other responsive pleading must be sent electronically to the party/parties. |

**Notice to Shawn Allyn; Edward Borgatti:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| Christopher T. Hilson, ESQ | Donahue Tucker & Ciandella PLLC 16 Acadia Ln PO Box 630 Exeter NH 03833 |
| William Kent Warren, ESQ | Donahue Tucker & Ciandella PLLC 16 Acadia Ln PO Box 630 Exeter NH 03833-0630 |
| Shawn Allyn | 110 Elizabeth St Feeding Hills MA 01030 |
| Edward Borgatti | 110 Elizabeth St Feeding Hills MA 01030 |

BY ORDER OF THE COURT

November 01, 2022

Jennifer M. Haggar
Clerk of Court

(1082)

NHJB-2710-Se (07/01/2018)

This is a Service Document For Case: 218-2022-CV-00947
Rockingham Superior Court
11/1/2022 2:55 PM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH 03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:      **Carpentier Construction, LLC v Shawn Allyn, et al**
Case Number:    **218-2022-CV-00947**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court.** Review the Complaint to see the basis for the claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer. For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process. Click Register and follow the prompts.

2. After you register, click Start Now. Select **Rockingham Superior Court** as the location.

3. Select "I am filing into an existing case". Enter **218-2022-CV-00947** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen. On the "What would you like to file?" screen, select "File a Response to Civil Complaint". Follow the instructions to complete your filing.

5. Review your Appearance and Answer before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Action will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the Complaint, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

NHJB-2710-Se (07/01/2018)

Filed
File Date: 10/31/2022 12:40 PM
Rockingham Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                          SUPERIOR COURT

Carpentier Construction, LLC
12 B Campbell Drive
Hampton, NH 03842

v.

Shawn Allyn & Edward Borgatti
110 Elizabeth Street
Feeding Hills, MA 01030

218-2022-CV-00947

Docket No. _____

## COMPLAINT

**NOW COMES** Carpentier Construction, LLC, by and through its attorneys, Donahue,

Tucker & Ciandella, PLLC, and respectfully submits this Complaint against Shawn Allyn and

Edward Borgatti.  Carpentier states as follows:

### Parties

1.      Plaintiff Carpentier Construction, LLC ("**Carpentier**") is a New Hampshire limited

liability company, in good standing, with a principal office address of 12 B Campbell Drive,

Hampton, NH 03842.

2.      Defendant Shawn Allyn ("**Allyn**") is an individual who resides at 110 Elizabeth

Street, Feeding Hills, MA 01030.

3.      Defendant Edward Borgatti ("**Borgatti**") is an individual who resides at 110

Elizabeth Street, Feeding Hills, MA 01030.

### Jurisdiction and Venue

4.      This Court has subject matter jurisdiction pursuant to RSA 491:7.

5.      This Court has personal jurisdiction over Defendants pursuant to RSA 510:4

1

because Defendants have the ownership, use or possession of real estate situated in the Town of Hampton, County of Rockingham, and State of New Hampshire.

6.      Venue is appropriate in this Court because the real estate subject to these proceedings is located in the Town of Hampton, County of Rockingham, and State of New Hampshire.

### Facts

7.      By virtue of a Fiduciary Deed recorded in the Rockingham County Registry of Deeds at Book 6265, Page 2928, Defendants own the real estate situated at 12 Chase Street in Hampton, New Hampshire ("**Property**").

8.      On or about April 1, 2021, Defendants entered into a Construction Contract ("**Contract**") with Carpentier, whereby Carpentier agreed to provide all services, materials, and labor for construction of a residential home at the Property ("**the Project**"), and Defendants agreed to pay Carpentier a total of approximately $474,529.54 for all labor and materials identified in the Contract.  A true and correct copy of the Contract is attached hereto as "**Exhibit 1.**"

9.      To finance the Project, Defendants obtained a construction loan from Cambridge Trust, and all anticipated disbursements to Carpentier thereunder were identified and described in a Residential Construction Advance Schedule, which was incorporated by reference in the Contract.  A true and correct copy of the Residential Construction Advance Schedule is attached hereto as "**Exhibit 2.**"

10.     As of July 28, 2022, Carpentier had fully performed all of its obligations under the terms of the Contract, and Cambridge Trust had disbursed a total of $451,203.07 to Carpentier Construction, representing all but the final disbursement of $23,326.47.

11.     Carpentier's final date of work at the Property, and the day when Carpentier last

rendered goods and services at the Property, was July 21, 2022.

12.    In the course of the Project, Defendants requested that Carpentier perform extra work at the Property not contemplated in the Contract.  Carpentier agreed to perform the extra work requested by Defendants, and Defendants agreed to pay for such work.

13.    Hereinafter, Carpentier refers to the goods and services described in Paragraph 12 as "**extracontractual work**" and refers to the goods and services contemplated by the Contract as "**contractual work**."

14.    Carpentier fully performed the extracontractual work requested by Defendants and billed Defendants for such work by two separate invoices dated May 8, 2022 and June 22, 2022 ("**the Invoices**").  True and correct copies of the Invoices are attached hereto as "**Exhibit 3**" and "**Exhibit 4**," respectively.

15.    The Invoices represented a total of $27,077.29 in extracontractual work actually provided to Defendants by Carpentier.

16.    Upon receiving the Invoices, Defendants refused to pay for the $27,077.29 in extracontractual work provided by Carpentier.

17.    Further, Defendants refused to sign the Owner's Acknowledgement Affidavit, which was required for Cambridge Trust to make the final disbursement on contractual work, unless and until Carpentier waived its right to payment for the extracontractual work.

18.    In other words, Defendants refused to pay all sums due and owing to Carpentier for contractual work unless Carpentier agreed to give Defendants the extracontractual work for free.

19.    As of the date of this Complaint, Defendants owe Carpentier a total of $50,403.76 for goods and services provided at the Property, including $23,326.47 for contractual work and $27,077.29 for extracontractual work.

20.     Additionally, Paragraph 7 of the Contract, entitled "PAYMENT," provided as follows:

> If any invoice is not paid when due, interest will be added to and payable on all overdue amounts at 18 percent per year, or the maximum percentage allowed under applicable laws, whichever is less.  SHAWN ALLYN & EDWARD BORGATTI shall pay all costs of collection, including without limitation, reasonable attorney fees.

See Ex. 1 ¶ 7.

21.     Pursuant to the terms of the Contract, therefore, Defendants owe Carpentier interest, calculated at 18% per annum, on all fees due and owing.  Additionally, Carpentier is entitled to an award of its costs, expenses, and attorney's fees incurred in connection with this collection action.

### Count I – Breach of Contract

22.     The allegations contained in Paragraphs 1–21, above, are realleged and incorporated herein by reference.

23.     The Parties entered into a valid Contract for labor and materials, and the Parties thereafter agreed that Carpentier would provide, and Defendants would pay for, extra work in addition to the contractual work.

24.     Carpentier fully performed all of its obligations under the terms of its contracts and agreements with Defendants.

25.     Defendants have failed, without legal excuse, to perform their obligations under their contracts and agreements with Carpentier.

26.     Defendants' failure to perform their obligations under their contracts and agreements with Defendants constitutes a breach of contract.

27.     As a direct and proximate result of Defendants' breach of contract, Carpentier has

4

sustained damages within the jurisdictional limits of this Court.

### Count II – Unjust Enrichment

28.     The allegations contained in Paragraphs 1–27, above, are realleged and incorporated herein by reference.

29.     Carpentier provided Defendants valuable goods and services at the Property, including all contractual work and extracontractual work.

30.     Defendants have refused to pay Carpentier for all goods and services provided at the Property, including $23,326.47 for contractual work and $27,077.29 for extracontractual work.

31.     Defendants have been enriched by the goods and services provided by Carpentier at the Property.

32.     It would be unconscionable for Defendants to retain the benefit of the goods and services provided by Carpentier without paying for the same.

33.     Defendants, therefore, have been unjustly enriched by the goods and services provided by Carpentier at the Property.

34.     As a direct and proximate result of Defendants' unjust enrichment, Carpentier has sustained damages within the jurisdictional limits of this Court.

### Count III – Attorney's Fees and Interest

35.     The allegations contained in Paragraphs 1–34, above, are realleged and incorporated herein by reference.

36.     The Parties' Contract provided that Defendants are required to pay interest on any unpaid sums due and owing, calculated at the rate of 18% per year.

37.     The Parties' Contract also provided that Defendants are required to pay all costs of collection incurred in connection with any unpaid invoices, including Carpentier's costs and

attorney's fees.

38.    Defendants have failed to pay a total of $50,403.76 in invoices from Carpentier, including $23,326.47 for contractual work and $27,077.29 for extracontractual work.

39.    As a direct and proximate result of Defendants' failure to pay these invoices, Carpentier was required to file this collection action and to place a mechanic's lien on the Property.

40.    Under the terms of the Parties' Contract, Carpentier is entitled to collect interest on the unpaid invoices.

41.    Under the terms of the Parties' Contract, Carpentier is entitled to an award of its costs, expenses, and attorney's fees incurred in connection with these proceedings.

42.    Further, Defendants' conduct, in refusing to pay all sums due under the Contract unless and until Carpentier waives its right to payment for extracontractual work, can be characterized as unreasonably obdurate and unreasonable, and it should have been unnecessary for Carpentier to file this action.

43.    Accordingly, even to the extent that the attorney's fees provision of the Contract did not apply to the extracontractual work, Carpentier is entitled to an award of attorney's fees under New Hampshire law.

44.    Because it should have been unnecessary to file this action, and because Carpentier is contractually entitled to an award of interest and attorney's fees, Carpentier has sustained damages in connection with the filing of this action, all within the jurisdictional limits of this Court.

**WHEREFORE**, Carpentier respectfully requests that this Honorable Court:

A.    Issue orders of notice in these proceedings; and

B.    Grant the Motion for Ex Parte Attachment to Secure Mechanic's Lien being filed concurrently herewith; and

C.      Conduct a trial to the Court on Carpentier's claims against Defendants; and

D.      Enter judgment in favor of Carpentier; and

E.      Award Carpentier its actual damages sustained in connection with Defendants' breach of contract and unjust enrichment; and

F.      Award Carpentier interest on all unpaid invoices at the rate of 18% per year; and

G.      Award Carpentier its reasonable costs, expenses, and attorney's fees incurred in connection with these proceedings; and

H.      Grant Carpentier such other and further relief as is just and equitable.

Respectfully submitted,

CARPENTIER CONSTRUCTION, LLC

By its attorneys,

DONAHUE, TUCKER & CIANDELLA, PLLC

Dated: October 31, 2022          By:      /s/ William K. Warren
                                          William K. Warren, Esq.
                                          NH Bar #270168
                                          Christopher T. Hilson, Esq.
                                          NH Bar #17116
                                          16 Acadia Lane, P.O. Box 630
                                          Exeter, NH 03833
                                          (603) 778-0686
                                          wwarren@dtclawyers.com
                                          chilson@dtclawyers.com

7

# THE STATE OF NEW HAMPSHIRE

**ROCKINGHAM, SS.**                                            **SUPERIOR COURT**

## WRIT OF ATTACHMENT
**and**

## TRUSTEE PROCESS     TO SECURE MECHANIC'S LIEN

Carpentier Construction,LLC       vs. Shawn Allyn &
12 B Campbell Drive                   Edward Borgatti
Hampton, NH 03842                 110 Elizabeth Street
                                    Feeding Hills, MA 01030

*To the Sheriff of Any County or His Deputy, the Plaintiff, His Attorney, Or Any Other Person:*

**WE COMMAND YOU** to attach the goods or estate of Shawn Allyn & Edward Borgatti *

To the value of Fifty Thousand Four Hundred Three 76/100 ($50,403.76) dollars,

~~WE ALSO COMMAND YOU to attach the money, goods, chattels, rights, and credits of the said~~

in the hand of

to the value of                                               dollars, and

summon said

if to be found in your precinct, to appear at said COURT, within, fourteen days after service upon said trustee,

and show cause, if any ~~he has,~~ why execution should not issue against

~~for the~~ judgment which may be recovered by said plaintiff against principal defendant and make return

~~of this writ with your doings therein.~~

Said attachments are to secure any Judgment or Decree the plaintiff may obtain/has obtained in this action.

Witness, Tina L. Nadeau, Chief Justice, Superior Court, the __1st__ day of _November_ , A.D. 20 __22__ .

*Property located in Hampton, NH
and recorded at R.C.R.D. Book 6265,
Page 2928

                                                   , Clerk

Carpentier Construction, LLC
By its attorneys:
Donahue, Tucker & Ciandella, PLLC
BY _____ ATTORNEY
William K. Warren, Esquire/ NHB #270168
16 Acadia Lane, P.O. Box 630
Exeter, NH 03833-4936
(603) 778-0686
wwarren@dtclawyers.com

## **RETURNS OF SERVICE**

**Real Estate Attachment** TO SECURE MECHANIC'S LIEN

ROCKINGHAM COUNTY

I attached all the lands and tenements in the County of   Rockingham   ,   of the within named defendant,   Shawn Allyn & Edward Borgatti   to the extend ordered on the reverse side of this writ, by leaving at the Office of the Registry of Deeds of said County, a true copy of this writ, and of this my return endorsed thereon at  11:53  AM/PM.

Fees: Register $ 45.44
      Service
      Copy
      Travel
         $ 45.44

Deputy Sheriff/Or Person Making Attachment
Sydney Chen

---

**Trustee Attachment**

ROCKINGHAM COUNTY.

I attached the money, goods, chattels, rights, and credits of the within named defendant in the hands and possession of                                   to the extent ordered on the reverse side of this writ and summoned the said trustee to appear as within commanded by —giving in hand to—leaving at the abode of

at                                          Street in

an attested copy of the within Writ at                AM/PM.

Fees: Service $
      Copy
      Travel  _____
         $

Deputy Sheriff

---

**Completion of Service**

ROCKINGHAM COUNTY

I notified the within named                                of above attachments by giving in hand to                            by leaving at the abode of

at                                          Street in

an attested copy of this Writ together with my return endorsed thereon at                AM/PM.

Fees: Service $
      Copy
      Travel  _____
         $

Deputy Sheriff

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

| | |
|---|---|
| Court Name: | **Rockingham Superior Court** |
| Case Name: | **Carpentier Construction, LLC** v. **Shawn Allyn & Edward Borgatti** |
| | Plaintiff<sub>2</sub>18-2022-CV-00947    Defendant |
| Case Number:<br>(if known) | |

## MOTION FOR *EX PARTE* ATTACHMENT   *TO SECURE MECHANICS LIEN*

The Plaintiff requests permission to make the following attachments without prior notice to the Defendant:

| Name of Defendant | Category of Property to be attached (check one) | | Amount of attachment |
|---|---|---|---|
| | Real Estate<br>Provide address or book & page reference.<br>Attach additional pages if necessary. | Other | |
| Shawn Allyn | Rockingham Cty. Reg. Bk6265, Pg2928 | | $ 50,403.76 |
| Edward Borgatti | Rockingham Cty. Reg. Bk6265, Pg2928 | | $ 50,403.76 |
| | | | $ |

A. The Plaintiff certifies the following facts to establish a reasonable likelihood that he/she will recover the amount stated above. (Specify facts in detail. Attach additional pages if necessary). **Please see the attached Affidavit of Norman Carpentier In Support of Plaintiff's Motion for Ex Parte Attachment to Secure Mechanic's Lien Pursuant to RSA Ch. 447 and RSA 511-A:8.**

B. The Plaintiff asserts that such an attachment is justified on the following grounds: (Specify which of the statutory grounds for making an *ex parte* attachment applies and detail the facts warranting the application of those grounds. Attach additional pages if necessary).

☐ There is substantial danger the property sought to be attached will be damaged, destroyed, concealed, or removed from the state and placed beyond the attachment jurisdiction of the court.

☐ There is imminent danger of transfer to a bona fide third party.

☑ Other:
**RSA 511-A:8, III (providing that attachments to secure mechanic's lien under RSA Ch. 447 are permitted on an ex parte basis)**

| | |
|---|---|
| **William K. Warren** | _/s/ signature_    10-31-2022 |
| Name of Filer | Signature    Date |
| | (If plaintiff is a corporation or partnership, a duly authorized officer or partner shall sign.) |
| **Donahue, Tucker & Ciandella**    270168 | **(603) 778-0686** |
| Law Firm, if applicable    Bar ID # of attorney | Telephone |
| **16 Acadia Lane** | **wwarren@dtclawyers.com** |
| Address | E-mail |
| **Exeter**    NH    **03833** | |
| City    State    Zip code | |

True Copy Attest

_/s/ signature_

Jennifer M. Haggar, Clerk of Court

November 2, 2022

NHJB-4005-Se (04/15/2019)    This is a Service Document For Case: 218-2022-CV-00947
Rockingham Superior Court
11/2/2022 11:01 AM

**Case Name:** Carpentier Construction, LLC          V. Shawn Allyn & Edward Borgatti
**Case Number:** _____

MOTION FOR *EX PARTE* ATTACHMENT *TO SECURE MECHANICS LIEN*

State of __New Hampshire__ , County of __Rockingham__

This instrument was acknowledged before me on __William K. Warren__ by __on   October 31, 2022__

My Commission Expires _____          __Arch M S. Hsu__

Affix Seal, if any

COMMISSION
EXPIRES
AUGUST 22,
2023

Signature of Notarial Officer / Title

| **ORDER** |
|---|

☐ Motion to attach is denied.

☒ Motion to attach is ☒ granted ☐ granted subject to the following modifications:

The Plaintiff is granted permission to make the above attachment(s) and shall complete
service on the Defendant within   20_____ days.

Clerk's Notice of Decision
Document Sent to Parties
on  10/31/2022

Honorable Andrew R. Schulman
October 31, 2022

---

| **NOTICE TO DEFENDANT** |
|---|

The court has authorized the above attachment to secure any judgment or decree that the Plaintiff
may obtain.  You have the right to object in writing, ask for a hearing and request that the attachment
be removed.  Any objection to this attachment shall be filed in writing within 14 days after service of
this notice on you.  If you fail to file such a request within the time specified in the order, you will be
deemed to have waived your right to a hearing with reference to the attachment, but not with
reference to the merits of the Plaintiff's claim.

Date _____



True Copy Attest

Jennifer M. Haggar, Clerk of Court

Presiding Justice          Honorable Andrew R. Schulman
October 31, 2022

Clerk's Notice of Decision
Document Sent to Parties
on  10/31/2022

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                          SUPERIOR COURT

Carpentier Construction, LLC
12 B Campbell Drive
Hampton, NH 03842

v.

Shawn Allyn & Edward Borgatti
110 Elizabeth Street
Feeding Hills, MA 01030

218-2022-CV-00947
Docket No. _____

## AFFIDAVIT OF NORMAN CARPENTIER IN SUPPORT OF PLAINTIFF'S MOTION FOR EX PARTE ATTACHMENT TO SECURE MECHANIC'S LIEN PURSUANT TO RSA CH. 447 AND RSA 511-A:8

I, Norman Carpentier, being first duly sworn, do say that:

1.  My name is Norman Carpentier.  I am a Member of Carpentier Construction, LLC ("Carpentier").  I am over eighteen (18) years of age and have personal knowledge of the facts stated herein.

2.  On or about April 1, 2021, Carpentier entered into a Construction Contract ("Contract") with Shawn Allyn and Edward Borgatti (collectively, the "Defendants").

3.  Under the terms of the Contract, Carpentier agreed to provide all services, materials, and labor for construction of a residential home on real estate owned by the Defendants, located at 12 Chase Street in Hampton, New Hampshire ("the Project").

4.  Defendants agreed to pay Carpentier a total of approximately $474,529.54 for all labor and materials identified in the Contract.

5.  To finance the Project, Defendants obtained a construction loan from Cambridge Trust, and all anticipated disbursements to Carpentier thereunder were identified and described

Page 1 of 4



True Copy Attest

Jennifer M. Haggar, Clerk of Court
November 2, 2022

in a Residential Construction Advance Schedule, which was incorporated by reference in the Contract.

6.  On or about July 28, 2022, Carpentier had fully performed all of its obligations under the terms of the Contract, and Cambridge Trust had disbursed a total of $451,203.07 to Carpentier Construction, representing all but the final disbursement of $23,326.47.

7.  Carpentier's final date of work at the Property, and the day when Carpentier last rendered goods and services at the Property, was July 21, 2022.

8.  In the course of the Project, Defendants requested that Carpentier perform extra work at the Property not contemplated in the Contract.

9.  Carpentier agreed to perform the extra work requested by Defendants, and Defendants agreed to pay for such work.

10. Hereinafter, Carpentier refers to the goods and services described in Paragraph 9-10 as "extracontractual work" and refers to the goods and services contemplated by the Contract as "contractual work."

11. Carpentier fully performed the extracontractual work requested by Defendants and billed Defendants for such work by two separate invoices dated May 8, 2022 and June 22, 2022 ("the Invoices").

12. The Invoices represented a total of $27,077.29 in extracontractual work actually provided to Defendants by Carpentier.

13. Upon receiving the Invoices, Defendants refused to pay for the $27,077.29 in extracontractual work provided by Carpentier.

True Copy Attest

Jennifer M. Haggar, Clerk of Court
November 2, 2022

14. Further, Defendants refused to sign the Owner's Acknowledgement Affidavit, which was required for Cambridge Trust to make the final disbursement on contractual work, unless and until Carpentier waived its right to payment for the extracontractual work.

15. In other words, Defendants refused to pay all sums due and owing to Carpentier for contractual work unless Carpentier agreed to give Defendants the extracontractual work for free.

16. To date, the Defendants have failed to pay Carpentier a total sum of $50,403.76 that is due for goods and services provided by Carpentier, including $23,326.47 for contractual work and $27,077.29 for extracontractual work in connection with the Project.

17. Additionally, Paragraph 7 of the Contract, entitled "PAYMENT," provided as follows:

If any invoice is not paid when due, interest will be added to and payable on all overdue amounts at 18 percent per year, or the maximum percentage allowed under applicable laws, whichever is less. SHAWN ALLYN & EDWARD BORGATTI shall pay all costs of collection, including without limitation, reasonable attorney fees.

18. Pursuant to the terms of the Contract, therefore, Defendants owe Carpentier interest, calculated at 18% per annum, on all fees due and owing.

19. Additionally, Carpentier is entitled to an award of its costs, expenses, and attorney's fees incurred in connection with this collection action.

20. Finally, I have reviewed the allegations contained in the Complaint submitted in the above-captioned proceedings, all of the allegations set forth in the Complaint are true to the best of my knowledge, information, and belief, and are incorporated herein by reference.

Further affiant sayeth naught.

Dated: _10/28/22_

Norman Carpentier, Member
Carpentier Construction, LLC

**True Copy Attest**

Jennifer M. Haggar, Clerk of Court
November 2, 2022

Page 3 of 4

STATE OF NEW HAMPSHIRE
COUNTY OF ROCKINGHAM

Signed and sworn to (or affirmed) before me on October ___28___, 2022, by Norman Carpentier, Member of Carpentier Construction, LLC.



Notary Public/Justice of the Peace
My commission expires:

True Copy Attest

Jennifer M. Haggar, Clerk of Court
November 2, 2022

Page 4 of 4

**Merrimack County Sheriff's Office**
DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600


SHAWN ALLYN
110 ELIZABETH ST
FEEDING HILLS, MA 01030


### AFFIDAVIT OF SERVICE

MERRIMACK, SS                                     11/ 1 7/2022


    I, DEPUTY HARRY J THORNLEY, this date at _1030 a.m_/p.m., notified
the within named defendant SHAWN ALLYN of the above attachment as within
commanded by leaving at the office of David Scanlan, Secretary of State of
New Hampshire, its true and lawful Attorney for the service of process
under, and by virtue of, Chapter 510:4, New Hampshire Revised Statutes
Annotated, as amended, a true and attested copy of this Writ of Attachment,
and I paid the Secretary of State ten ($10.00) dollars as his fee for
accepting service.


FEES

| | |
|---|---|
| Service | $36.30 |
| Travel | 15.00 |
| Postage | 1.00 |
| Paid to SOS | 10.00 |
| TOTAL | $62.30 |


_____
DEPUTY HARRY J THORNLEY
Merrimack County Sheriff's Office

# Merrimack County Sheriff's Office

**DAVID A. CROFT**
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

EDWARD BORGATTI
110 ELIZABETH ST
FEEDING HILLS, MA 01030

## AFFIDAVIT OF SERVICE

MERRIMACK, SS                                    11/ 17 /2022

    I, DEPUTY HARRY J THORNLEY, this date at __1030__ (a.m)/p.m., notified
the within named defendant EDWARD BORGATTI of the above attachment as
within commanded by leaving at the office of David Scanlan, Secretary of
State of New Hampshire, its true and lawful Attorney for the service of
process under, and by virtue of, Chapter 510:4, New Hampshire Revised
Statutes Annotated, as amended, a true and attested copy of this Writ of
Attachment, and I paid the Secretary of State ten ($10.00) dollars as his
fee for accepting service.

FEES

| | |
|---|---|
| Service | $36.30 |
| Travel | 0.00 |
| Postage | 1.00 |
| Paid to SOS | 10.00 |
| TOTAL | $47.30 |

DEPUTY HARRY J THORNLEY
Merrimack County Sheriff's Office

# EXHIBIT 2

## *CONSTRUCTION CONTRACT*

This Construction Contract (the "Contract" or "Agreement") is made as of April 01, 2021 (the "Effective Date") by and between SHAWN ALLYN & EDWARD BORGATTI of 110 ELIZABETH STREET, FEEDING HILLS, Massachusetts 01030, and CARPENTIER CONSTRUCTION LLC of 12 B CAMPBELL DRIVE, HAMPTON, New Hampshire 03842.

CARPENTIER CONSTRUCTION LLC desires to provide Construction services to SHAWN ALLYN & EDWARD BORGATTI and SHAWN ALLYN & EDWARD BORGATTI desires to obtain such services from CARPENTIER CONSTRUCTION LLC.

THEREFORE, in consideration of the mutual promises set forth below, the parties agree as follows:

**1. DESCRIPTION OF SERVICES.** Beginning on April 01, 2021, CARPENTIER CONSTRUCTION LLC will provide to SHAWN ALLYN & EDWARD BORGATTI the services described in the attached Exhibit A (collectively, the "Services").

**2. SCOPE OF WORK.** CARPENTIER CONSTRUCTION LLC will provide all services, materials and labor for the construction of A RESIDENTIAL SINGLE FAMILY HOME, PER CHARLES HOYT DESINGS PLANS DATED 3-15-21 AND DESCRIBED IN ESTIMATE 2112 DATED 3/18/21 described in the attached Exhibit A at the property of SHAWN ALLYN & EDWARD BORGATTI located at: 12 CHASE STREET, HAMPTON, New Hampshire, 03842 hereinafter referred to as ("Worksite").

This includes building and construction materials, necessary labor and site security, and all required tools and machinery needed for completion of construction.

CARPENTIER CONSTRUCTION LLC is only responsible for furnishing any building improvements related to construction of the structure, but not related to landscaping, grading, walkways, painting, sewer or water systems, steps, driveways, patios and aprons, etc., unless they are specifically agreed to in writing.

**3. PLANS, SPECIFICATIONS AND CONSTRUCTION DOCUMENTS.** SHAWN ALLYN & EDWARD BORGATTI will make available to CARPENTIER CONSTRUCTION LLC all plans, specifications, drawings, blueprints, and similar construction documents necessary for CARPENTIER CONSTRUCTION LLC to provide the Services described herein. Any such

materials shall remain the property of SHAWN ALLYN & EDWARD BORGATTI. CARPENTIER CONSTRUCTION LLC will promptly return all such materials to SHAWN ALLYN & EDWARD BORGATTI upon completion of the Services.

**4. COMPLIANCE WITH LAWS.** CARPENTIER CONSTRUCTION LLC shall provide the Services in a workmanlike manner, and in compliance with all applicable federal, state and local laws and regulations, including, but not limited to all provisions of the Fair Labor Standards Act, the Americans with Disabilities Act, and the Federal Family and Medical Leave Act.

**5. WORK SITE.** SHAWN ALLYN & EDWARD BORGATTI warrants that SHAWN ALLYN & EDWARD BORGATTI owns the property herein described and is authorized to enter into this contract. Prior to the start of construction, SHAWN ALLYN & EDWARD BORGATTI shall provide an easily accessible building site, which meets all zoning requirements for the structure, and in which the boundaries of SHAWN ALLYN & EDWARD BORGATTI's property will be clearly identified by stakes at all corners of the property. SHAWN ALLYN & EDWARD BORGATTI shall maintain these stakes in proper position throughout construction.

**6. MATERIALS AND/OR LABOR PROVIDED.** CARPENTIER CONSTRUCTION LLC shall provide to SHAWN ALLYN & EDWARD BORGATTI a List of each and every party furnishing materials and/or labor to CARPENTIER CONSTRUCTION LLC as part of the Services, and the dollar amounts due or expected to be due with regards to provision of the Services herein described. This List of materials and/or labor shall be attached to this Agreement as Exhibit B. CARPENTIER CONSTRUCTION LLC declares, under the laws of the State of New Hampshire, that this List is a true and correct statement of each and every party providing materials and/or labor as part of the Services herein described.

CARPENTIER CONSTRUCTION LLC may substitute materials only with the express written approval of SHAWN ALLYN & EDWARD BORGATTI, provided that the substituted materials are no lesser quality than those previously agreed upon by SHAWN ALLYN & EDWARD BORGATTI and CARPENTIER CONSTRUCTION LLC.

**7. PAYMENT.** Payment shall be made to CARPENTIER CONSTRUCTION LLC, HAMPTON, New Hampshire 03842.

SHAWN ALLYN & EDWARD BORGATTI agrees to pay CARPENTIER CONSTRUCTION LLC as follows:

PER CAMBRIDGE TRUST CONSTRUCTION BUDGET SCHEDULE "D"

If any invoice is not paid when due, interest will be added to and payable on all overdue amounts at 18 percent per year, or the maximum percentage allowed under applicable laws, whichever is less. SHAWN ALLYN & EDWARD BORGATTI shall pay all costs of collection, including without limitation, reasonable attorney fees.

In addition to any other right or remedy provided by law, if SHAWN ALLYN & EDWARD BORGATTI fails to pay for the Services when due, CARPENTIER CONSTRUCTION LLC has the option to treat such failure to pay as a material breach of this Contract, and may cancel this Agreement and/or seek legal remedies.

**8. OTHER PAYMENT PROVISIONS.** FIRST DRAW TO BE PAID NO LATER THAN 15 DAYS AFTER SIGNING DATE

**9. TERM.** CARPENTIER CONSTRUCTION LLC shall commence the work to be performed within 30 days of April 01, 2021 and shall complete the work on or before January 31, 2022, time being of the essence of this contract.

Upon completion of the project, SHAWN ALLYN & EDWARD BORGATTI agrees to sign a Notice of Completion within ten (10) days after the completion of the contract. If the project passes its final inspection and SHAWN ALLYN & EDWARD BORGATTI does not provide the Notice, CARPENTIER CONSTRUCTION LLC may sign the Notice of Completion on behalf of SHAWN ALLYN & EDWARD BORGATTI.

**10. PERMITS.** SHAWN ALLYN & EDWARD BORGATTI shall obtain all necessary building permits. CARPENTIER CONSTRUCTION LLC shall apply for and obtain any other necessary permits and licenses required by the local municipal/county government to do the work, the cost thereof shall be included as part of the Payment to CARPENTIER CONSTRUCTION LLC under this Contract.

**11. INSURANCE.** Before work begins under this Contract, CARPENTIER CONSTRUCTION LLC shall furnish certificates of insurance to SHAWN ALLYN & EDWARD BORGATTI substantiating that CARPENTIER CONSTRUCTION LLC has placed in force valid insurance covering its full liability under the Workers' Compensation laws of the State of New Hampshire and shall furnish and maintain general liability insurance, and builder's risk insurance for injury to or death of a person or persons, and for personal injury or death suffered in any construction related accident and property damage incurred in rendering the Services.

**12. CONFIDENTIALITY.** CARPENTIER CONSTRUCTION LLC, and its employees, agents, or representatives will not at any time or in any manner, either directly or indirectly, use for the personal benefit of CARPENTIER CONSTRUCTION LLC, or divulge, disclose, or communicate in

any manner, any information that is proprietary to SHAWN ALLYN & EDWARD BORGATTI. CARPENTIER CONSTRUCTION LLC and its employees, agents, and representatives will protect such information and treat it as strictly confidential. This provision will continue to be effective after the termination of this Contract.

Upon termination of this Contract, CARPENTIER CONSTRUCTION LLC will return to SHAWN ALLYN & EDWARD BORGATTI all records, notes, documentation and other items that were used, created, or controlled by CARPENTIER CONSTRUCTION LLC during the term of this Contract.

**13. INDEMNIFICATION.** With the exception that this Section shall not be construed to require indemnification by CARPENTIER CONSTRUCTION LLC to a greater extent than permitted under the public policy of the State of New Hampshire, CARPENTIER CONSTRUCTION LLC may agree to indemnify SHAWN ALLYN & EDWARD BORGATTI against, hold it harmless from and defend SHAWN ALLYN & EDWARD BORGATTI from all claims, loss, liability, and expense, including actual attorneys' fees, arising out of or in connection with CARPENTIER CONSTRUCTION LLC's Services performed under this Contract. This indemnity shall be provided even if SHAWN ALLYN & EDWARD BORGATTI is partly responsible for the claim, damage, injury or loss, but CARPENTIER CONSTRUCTION LLC shall not provide indemnity against claims or losses deemed to be caused by the negligence, willful misconduct, or breach of contract of SHAWN ALLYN & EDWARD BORGATTI or SHAWN ALLYN & EDWARD BORGATTI's agents or employees.

**14. WARRANTY.** CARPENTIER CONSTRUCTION LLC shall provide its services and meet its obligations under this Contract in a timely and workmanlike manner, using knowledge and recommendations for performing the services which meet generally acceptable standards in CARPENTIER CONSTRUCTION LLC's community and region, and will provide a standard of care equal to, or superior to, care used by service providers similar to CARPENTIER CONSTRUCTION LLC on similar projects. CARPENTIER CONSTRUCTION LLC shall construct the structure in conformance with the plans, specifications, and any breakdown and binder receipt signed by CARPENTIER CONSTRUCTION LLC and SHAWN ALLYN & EDWARD BORGATTI.

**15. FREE ACCESS TO WORKSITE.** SHAWN ALLYN & EDWARD BORGATTI will allow free access to work areas for workers and vehicles and will allow areas for the storage of materials and debris. Driveways will be kept clear for the movement of vehicles during work hours. CARPENTIER CONSTRUCTION LLC will make reasonable efforts to protect driveways, lawns, shrubs, and other vegetation. CARPENTIER CONSTRUCTION LLC also agrees to keep the Worksite clean and orderly and to remove all debris as needed during the hours of work in order to maintain work conditions which do not cause health or safety hazards.

**16. UTILITIES.** SHAWN ALLYN & EDWARD BORGATTI shall provide and maintain water and electrical service, connect permanent electrical service, gas service or oil service, whichever is applicable, and tanks and lines to the building constructed under this Agreement after an acceptable cover inspection has been completed, and prior to the installation of any inside wall cover. SHAWN ALLYN & EDWARD BORGATTI shall, at SHAWN ALLYN & EDWARD BORGATTI's expense, connect sewage disposal and water lines to said building prior to the start of construction, and at all times maintain sewage disposal and water lines during construction as applicable. SHAWN ALLYN & EDWARD BORGATTI shall permit CARPENTIER CONSTRUCTION LLC to use, at no cost, any electrical power and water use necessary to carry out and complete the work.

**17. INSPECTION.** SHAWN ALLYN & EDWARD BORGATTI shall have the right to inspect all work performed under this Contract. All defects and uncompleted items shall be reported immediately. All work that needs to be inspected or tested and certified by an engineer as a condition of any government departments or other state agency, or inspected and certified by the local health officer, shall be done at each necessary stage of construction and before further construction can continue. All inspection and certification will be done at SHAWN ALLYN & EDWARD BORGATTI's expense.

**18. DEFAULT.** The occurrence of any of the following shall constitute a material default under this Contract:

   a. The failure of SHAWN ALLYN & EDWARD BORGATTI to make a required payment when due.

   b. The insolvency of either party or if either party shall, either voluntarily or involuntarily, become a debtor of or seek protection under Title 11 of the United States Bankruptcy Code.

   c. A lawsuit is brought on any claim, seizure, lien or levy for labor performed or materials used on or furnished to the project by either party, or there is a general assignment for the benefit of creditors, application or sale for or by any creditor or government agency brought against either party.

   d. The failure of SHAWN ALLYN & EDWARD BORGATTI to make the building site available or the failure of CARPENTIER CONSTRUCTION LLC to deliver the Services in the time and manner provided for in this Agreement.

**19. REMEDIES.** In addition to any and all other rights a party may have available according to law of the State of New Hampshire, if a party defaults by failing to substantially perform any provision, term or condition of this Contract (including without limitation the failure to make a monetary payment when due), the other party may terminate the Contract by providing written notice to the

defaulting party. This notice shall describe with sufficient detail the nature of the default. The party receiving said notice shall have 10 days from the effective date of said notice to cure the default(s) or begin substantial completion if completion cannot be made in 10 days. Unless waived by a party providing notice, the failure to cure or begin curing, the default(s) within such time period shall result in the automatic termination of this Contract.

**20. FORCE MAJEURE.** If performance of this Contract or any obligation thereunder is prevented, restricted, or interfered with by causes beyond either party's reasonable control ("Force Majeure"), and if the party unable to carry out its obligations gives the other party prompt written notice of such event, then the obligations of the party invoking this provision shall be suspended to the extent necessary by such event. The term Force Majeure shall include, but not be limited to, acts of God, fire, explosion, vandalism, storm, casualty, illness, injury, general unavailability of materials or other similar occurrence, orders or acts of military or civil authority, or by national emergencies, insurrections, riots, or wars, or strikes, lock-outs, work stoppages, or other labor disputes, or supplier failures. The excused party shall use reasonable efforts under the circumstances to avoid or remove such causes of non-performance and shall proceed to perform with reasonable dispatch whenever such causes are removed or ceased. An act or omission shall be deemed within the reasonable control of a party if committed, omitted, or caused by such party, or its employees, officers, agents, or affiliates.

**21. DISPUTE RESOLUTION.** The parties will attempt to resolve any dispute arising out of or relating to this Agreement through friendly negotiations amongst the parties. If the matter is not resolved by negotiation, the parties will resolve the dispute using the below Alternative Dispute Resolution (ADR) procedure.

Any controversies or disputes arising out of or relating to this Agreement will be submitted to mediation in accordance with any statutory rules of mediation. If mediation is not successful in resolving the entire dispute or is unavailable, any outstanding issues will be submitted to final and binding arbitration under the rules of the American Arbitration Association. The arbitrator's award will be final, and judgment may be entered upon it by any court having proper jurisdiction.

**22. ENTIRE AGREEMENT.** This Contract contains the entire Agreement of the parties, and there are no other promises or conditions in any other contract or agreement whether oral or written concerning the subject matter of this Agreement. Any amendments must be in writing and signed by each party. This Agreement supersedes any prior written or oral agreements between the parties.

**23. SEVERABILITY.** If any provision of this Agreement will be held to be invalid or unenforceable for any reason, the remaining provisions will continue to be valid and enforceable. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision will be deemed to be written, construed, and enforced as so limited.

**24. AMENDMENT.** This Agreement may be modified or amended in writing, if the writing is signed by each party.

**25. GOVERNING LAW.** This Agreement shall be construed in accordance with, and governed by the laws of the State of New Hampshire, without regard to any choice of law provisions of New Hampshire or any other jurisdiction.

**26. NOTICE.** Any notice or communication required or permitted under this Agreement shall be sufficiently given if delivered in person or by certified mail, return receipt requested, to the address set forth in the opening paragraph or to such other address as one party may have furnished to the other in writing.

**27. WAIVER OF CONTRACTUAL RIGHT.** The failure of either party to enforce any provision of this Contract shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Contract.

**28. SIGNATORIES.** This Agreement shall be signed by SHAWN ALLYN & EDWARD BORGATTI and on behalf of CARPENTIER CONSTRUCTION LLC by NORMAN H CARPENTIER II , Owner and shall be effective as of the date first written above.

This Construction Contract is executed and agreed to by:

*Norman H. Carpentier*

NORMAN H. CARPENTIER
carpentierconstruction@gmail.com
April 02, 2021 at 08:05 am
Recorded at IP 98.217.111.137

Waiting for signature

SHAWN ALLYN

Waiting for signature

EDWARD BORGATTI

FILED - USDC -NH
2022 DEC 16 PM 12:31

Shawn P. Allyn
Edward P. Borgatti
110 Elizbeth Street
Feeding Hills, MA 01030

VIA FEDERAL EXPRESS

December 15, 2022

Attn: Erica DiFabio
Office of the Clerk of Court
United States District Court
for the District of New Hampshire
Warren B. Rudman United States Courthouse
55 Pleasant St – Room 110
Concord, NH 03301-3941

RE:    Removal Petition for Carpentier Construction, LLC v. Shawn Allyn, et al
       Rockingham County Superior Court
       Docket No. 218-2022-CV-00947

Dear Clerk DiFabio:

    For filing and docketing, please find the following:

1.  Removal Petition with exhibits;
2.  Affidavit as to Exhibits attached to Removal Petition;
3.  Diversity Statement;
4.  Motion for Leave to File further filings via ECF;
5.  Civil Action Cover Sheet (if required as is indicates an attorney should file).  If not, please disregard.

    I can pay the $402.00 fee upon receipt of this to your office or you may charge a copy of the credit card attached hereto.

    If the Court allows or denies the ECF Motion, can someone from your office let me know.  If denied, we will file our Joint Answer, Defenses, Counterclaims and other responsive pleadings per the Pro Se litigants guidelines and F. R. Civ. P. 81 (c).

    Thank you for your assistance in this matter.

                                        Very truly yours,

                                        Shawn P. Allyn

Encl.

ORIGIN ID:FXMA        (413) 538-7118
SHAWN P ALLYN ESQ.
LAW OFFICES OF ALLYN & BALL, P.C.
57 SUFFOLK STREET
SUITE 200
HOLYOKE, MA 01040
UNITED STATES US

SHIP DATE: 15DEC22
ACTWGT: 0.50 LB
CAD: 111732027/INET4530

BILL SENDER

TO   **ERICA DIFABIO OFFICE OF THE CLERK**
**U.S. DISTRICT COURT-NH**
**55 PLEASANT STREET**
**ROOM 110**
**CONCORD NH 03301**
(603) 225-1423              REF
INV:
PO                                              DEPT

581.l3l9A97/FE2D



**FedEx**
Express

E

**FRI - 16 DEC 4:30P**
**STANDARD OVERNIGHT**

TRK#
0201   **7707 9386 1565**

**XE HIEA**

**03301**
NH-US   **MHT**