UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO. 22-CV-00557

| | |
|---|---|
| CARPENTIER CONSTRUCTION, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SHAWN ALLYN & | ) |
| EDWARD BORGATTI | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' JOINT ANSWERS, COUNTERCLAIMS, DEFENSES
& DEMAND FOR JURY TRIAL**

**ANSWER**

1. Defendants admit the paragraph except lack sufficient information to admit or deny whether said LLC is in good standing.

2. Admit.

3. Admit.

4. Denied and further stating the paragraph request the Defendants to Admit or Deny a legal conclusion of law.

5. Denied and further stating the paragraph request the Defendants to Admit or Deny a legal conclusion of law.

6. Denied and further stating the paragraph request the Defendants to Admit or Deny a legal conclusion of law.

7. Admit.

8. Denied.

1

9. Defendants admit that there was a construction loan and payment schedule but it was subject to lender inspection and oversight and the work being completed.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Admit.

17. Denied.

18. Denied.

19. Denied.

20. Defendants state that the contract speaks for itself.

21. Defendants state that the contract speaks for itself.

22. Defendants reaffirm their answers to the referenced paragraphs and incorporate them herein by reference.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendants reaffirm their answers to the referenced paragraphs and incorporate them herein by reference.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied

34. Denied

35. Defendants reaffirm their answers to the referenced paragraphs and incorporate them herein by reference.

36. Defendants state that the contract speaks for itself.

37. Defendants state that the contract speaks for itself.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied

44. Denied.

## COUNTERCLAIMS

**Count I:   Breach of Contract (Allyn & Borgatti v. Carpentier Construction, LLC)**

1. The parties entered into a binding contract on April 2, 2021 to construct a new residential home.   See Exhibit 1, attached hereto.

2. The parties contract called for Plaintiff Carpentier Construction, LLC (hereinafter the "LLC") to construct the home in accordance with Federal and State Law and local regulations and ordinances.   See Ex. 1, ¶ 4.

3. The scope of the work was to be controlled by the architect the LLC's manager, Norman Carpentier wanted the Defendants to hire as contracted.  See Ex. 1, ¶ 2.

4. The LLC was responsible for taking out all permits and constructing the premises in accordance with the Town of Hampton's local code and zoning requirements.

5. The LLC failed to initially take out the appropriate Flood Plan Permits as Mr. Norman Carpentier represented that Flood Permits were not required and the home was not within the applicable flood zone.

6. At all times, the Defendants relied upon the LLC and Mr. Carpentier's expertise.

7. During the course of construction, Mr. Carpentier suggest that the Defendants may want to add an additional bathroom in what he referred to as the "non livable space."

8. At the time Mr. Carpentier constructed the bathroom and walls in the non-livable space, the Defendants did not know that such materials were not permitted as constructed, including enclosed sheetrock walls.

9. During the course of construction, the surrounding neighbors filed New Hampshire Department of Environmental (hereinafter "D.E.P.") complaints against the Defendants. See Exhibit 2, attached hereto.

10. Defendants expended additional funds on the D.E.P. Complaints as a direct result of the LLC's failure to comply with New Hampshire wet land statutes.

11. By the time these complaints were filed, the LLC had already constructed walls with sheetrock and installed a bathroom in the lower level of house.

12. The LLC had also installed the main furnace in the lower level which was below the required flood base line whereby exposing the furnace to flood waters.

13. The LLC continued to deny that the home needed flood permitting or any special flood zone building specifications.

14. The LLC and its member knowingly misrepresented the requirements for Flood Permits and Flood Zone Regulations to the Defendants.

15. The D.E.P. forced the LLC to take out the appropriate permits and to undertake an assessment of the constructions impact upon the environment. See Exhibit 10, attached hereto.

16. The Defendants have been placed on notice of a breach of quiet enjoyment claim by an abutter as a direct result of the LLC's omissions and negligence. See Ex. 3, attached hereto.

17. Soon after these events, numerous mistakes in construction occurred causing weeks of delay.

18. The LLC and Mr. Carpentier, for an 8–12-week period, were not available as Defendants were told Mr. Carpentier had cancer and was getting treatment.

19. The LLC was made fully aware of ongoing defects in the Spring of 2022.

20. The LLC mispresented to the Defendants that the ceiling would be repaired and the plumber parts were ordered and would be corrected.

21. At one point the LLC attempted to obtain a Certificate of Occupancy and that was not allowed as Flood Vents were being required to be cut into the home.

22. The LLC's manager initially hid this fact from the Defendants.

23. The home's design per the LLC did not have Flood Vents.

24. The foundation was not designed for Flood Vents per the contracted plan with the LLC.

25. The LLC's manager text a Flood Vent Plan to the Defendants which depicted Flood vents on all side of the garage walls.  See Exhibit 8, p. 7.

26. The Flood Vents were designed to allow water to freely flow through structure upon flooding.

27. The Flood Vents and water exposure were placed in the direct line of the main furnace which is installed on the basement floor and the sheetrock walls installed by the LLC.

28. The LLC was then forced to cut holes into the foundation of the home post- construction and post-design.

29. The LLC abandoned the project and failed to correct the defects observed by and with Mr. Carpentier.

30. The LLC did not complete the project.

31. The LLC did not install a second means of egress as contracted for which placed the occupants at risk.

32. The LLC construction was conducted in an unworkmanlike manner which has devalued the home.

33. The LLC has breached the contract.

34. The LLC has caused damages to the Defendants.

**Count II:  Breach of Express Warranty (Allyn & Borgatti v. Carpentier Construction, LLC)**

35. Defendants incorporate all prior allegations herein by reference.

36. The parties contract provided for an express warranty to perform work in a  "timely" and "workmanlike manner."  See Ex. 1, ¶ 14.

37. Prior to abandoning the project, through email, text and verbal communications, the LLC and Mr. Carpentier viewed known defects in the work that had been occurring.

38. In particular, the following, among others, was done in an unworkmanlike manner:

    a. Installation of sheetrock throughout the home as where two pieces meet the seams are beginning to show and or separate;

    b. Installation of Conferred Ceiling which was in the original design of the home as the wood pieces do not meet evenly;

    c. Nails used with the installation of the sheet rock are beginning to protrude out of the walls and look like buttons;

    d. Not a single door is painted without the paint brush lines showing;

    e. Framing of doors in part are not flush, not painted properly or completely;

    f. Holes in the siding of the house;

    g. Paint drippings on parts of doors and frames;

    h. Sheetrock does not appear to have been sanded in areas of the house;

    i. Walls and doors lack complete paint;

    j. The nails used with constructions were not properly covered or "puttied" where the nail heads are exposed in the finish work;

    k. The shower in the master bathroom does not work properly and never worked properly;

    l. The bathroom in the main floor is shut off as it appears to be leaking into the bathroom in the lower level of the house.

    m. The eyebrow installed on the exterior of the house has holes in it and two different shades of white vinyl were used;

    n. The hole in the eyebrow is allowing water into the encased recessed lighting;

    o. Gutters were not installed which causes the puddling of water in the main entrance of the home;

    See Ex. 4, attached hereto (sampling of photographs of the home taken on December 2, 2022).

39. The LLC breached the express warranty.

40. The LLC has caused damages to the Defendants.

**Count III:**     **Breach of Implied Warranty (Allyn & Borgatti v. Carpentier Construction, LLC)**

41. Defendants incorporate all prior allegations herein by reference.

42. The Defendants maintain there is an implied warranty in the subject contract that the material and construction would be done properly, the home would be functional and in accordance with the design intent and plan of the project; and that the home would be build in accordance with proper Flood Plain[1] requirements regardless of the specific contractual terms.

43. Prior to abandoning the project, through email, text and verbal communications, the LLC and Mr. Carpentier viewed known defects in the work that had been occurring.

44. In particular, the following, among others, was done in an unworkmanlike manner:

    a. Installation of sheetrock throughout the home as where two pieces meet the seams are beginning to show and or separate;

---

[1] Lempke v. Dagenais, 130 N.H. 782, 794.

b. Installation of Conferred Ceiling which was in the original design of the home as the wood pieces do not meet evenly;

c. Nails used with the installation of the sheet rock are beginning to protrude out of the walls and look like buttons;

d. Not a single door is painted without the paint brush lines showing;

e. Framing of doors in part are not flush, not painted properly or completely;

f. Holes in the siding of the house;

g. Paint drippings on parts of doors and frames;

h. Sheetrock does not appear to have been sanded in areas of the house;

i. Walls and doors lack complete paint;

j. The nails used with constructions were not properly covered or "puttied" where the nail heads are exposed in the finish work;

k. The shower in the master bathroom does not work properly and never worked properly;

l. The bathroom in the main floor is shut off as it appears to be leaking into the bathroom in the lower level of the house.

m. The eyebrow installed on the exterior of the house has holes, was installed with two different shades of white vinyl;

n. The hole in the eyebrow allows water into the recessed lighting;

o. Gutters were not installed which causes the puddling of water in the main entrance of the home;

See Ex. 4, attached hereto (sampling of photographs of the home taken on December 2, 2022).

9

45. The LLC has breached the warranty.

46. The LLC has caused damages to the Defendants.

### Count IV.    Violation of New Hampshire Consumer Protection Statute (Allyn & Borgatti v. Carpentier Construction, LLC)

47. Defendants incorporate all prior allegations herein by reference.

48. Defendants entered into a contract with the LLC to construct a new home.

49. During the course of providing services, LLC knew the construction was being done in an unworkmanlike manner.

50. The LLC continued to charge the Defendants for such work and the Defendants continued to pay the LLC in good faith.

51. The LLC knowingly failed to comply with local Flood Plain Ordinance or to take out proper flood permits when constructing the home.

52. The LLC's manager, knowingly mislead the Defendants as to the Flood Plain regulations and permits upon them receiving a complaint from the D.E.P.

53. The LLC's manager knowingly lied to Defendants telling them plumber parts were ordered to fix the defects in the master shower when he knew he never ordered any such parts.  See Exhibit 8, attached hereto.

54. The LLC's manager created a fraudulent invoice while he abandoned the project for charges on a coffered ceiling which was in the original design of the home and for which the home was appraised on.   See Exhibit 5, LLC's appendix to construction contract.

55. The LLC's manager created the invoices after the Defendants had paid all other invoices.

56. At the time the LLC's manager created the invoices he knew that the ceiling had defects and was constructed in an unworkmanlike manner.

57. The LLC then went into Rockingham Superior Court and sought to attach the Defendants' home for this fraudulent invoice.

58. At all times, the LLC's conduct described herein was knowing and willing.

59. The LLC contracted to build second means of egress.   See Exhibit 6, LLC's appendix to construction contract.

60. The LLC upon abandoning the project failed to construct a second means of egress leaving the Defendants with a fire hazard.

61. The Defendants were forced to contract with another third-party to build a second means of egress.  See Exhibit 11, attached hereto.

62. At all relevant times, the LLC was aware of the defects and unworkmanlike construction prior to bringing this action.

63. The LLC attempts to charge for paver installed which were not properly installed and continue to cause water to seep into the garage each time it rains as the pitch is improper. The LLC's manager repeatedly promised that the issue would be corrected.

64. To date, Defendants continue to have to brush pools of water out of the garage each time it rains.  See Exhibit 7, attached hereto., See Exhibit 8.

65. The LLC refused to respond to all notice of defects from Spring of 2022 through September 15, 2022.  See Exhibit 9.

66. At all relevant times thereto, the LLC and its manager's conduct was unfair and deceptive.

67. The LLC has caused damages to the Defendants.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state claims upon which relief can be granted.

2. Plaintiff assumed all risk in negligently constructing the premises therefore causing its own damages.

3. Plaintiff own contributory negligence bars any recovery;

4. Plaintiff should be estopped and the claims should be dismissed;

5. Plaintiff failed to provide any consideration and to properly construct the premises and its claims should be dismissed.

6. Plaintiff has engaged in fraud.

7. Plaintiff has been paid.

8. Plaintiff claims are barred by the applicable statute of limitations.

9. Plaintiff has waived its rights to make said claims and they should be dismissed.

10. Plaintiff lacks privity with the Defendants.

11. Plaintiff has failed to exhaust his administrative remedies and the complaint should be dismissed.

12. Plaintiff has not effectuated sufficient service of process.

13. Defendants have satisfied any duty it owed to the Plaintiff.

14. Any losses sustained by Plaintiff are not attributable to Defendants.

15. Plaintiff contributed to its own injuries which bars any recovery.

16. Plaintiff's agents contributed to its injuries which bars any recovery.

17. Plaintiff's negligence was greater than any alleged negligence of the Defendants.

18. Plaintiff has failed to name or join the responsible parties.

19. Plaintiff has failed to take reasonable steps to mitigate its damages, if any.

20. Plaintiff claims are barred by the Doctrine of Laches.

21. Plaintiff alleged injuries were caused by acts of third parties for which the Defendants cannot be held liable; and

22. Plaintiff claims are insubstantial and frivolous.

WHEREFORE, Defendants pray as follows:

1. Court find for Defendants on all counts;
2. Plaintiff's claims be dismissed;
3. Court assess damages and interest thereon;
4. Court award up to three times but not less than two times the amount of their damages;
5. Court award Defendants their attorney fees and reasonable costs;
6. Court make any other order it deems fair and just.

/s/ Shawn P. Allyn                                    /s/ Edward P. Borgatti
_____              _____
Shawn P. Allyn                                         Edward P. Borgatti
Pro Se                                                      Pro Se
110 Elizabeth Street                               110 Elizabeth Street
Feeding Hills, MA 01030                      Feeding Hills, MA 01030
(413) 535-7440                                      (413) 530-6574
Email: sallyn@allynandball.com       Email: ed@borgatti.com

CERTIFICATE OF SERVICE

       I, hereby certify that the foregoing Plaintiff's Answers, Counterclaim and Defenses will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants. The undersigned hereby certify that they have caused a copy of the foregoing Answer, Counterclaim and Defenses to be mail first-class, postage prepaid to William Warren, Esq. of Donahue, Tucker & Ciandella, 16 Acadia Lane, Exeter, New Hampshire 03833 this 6th day of January 2023.

| | |
|---|---|
| /s/ Shawn P. Allyn | /s/ Edward P. Borgatti |
| _____ | _____ |
| Shawn P. Allyn | Edward P. Borgatti |
| Pro Se | Pro Se |
| 110 Elizabeth Street | 110 Elizabeth Street |
| Feeding Hills, MA 01030 | Feeding Hills, MA 01030 |
| (413) 535-7440 | (413) 530-6574 |
| Email: sallyn@allynandball.com | Email: ed@borgatti.com |