UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO. 22-CV-00557

| | |
|---|---|
| CARPENTIER CONSTRUCTION, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **THIRD-PARTY COMPLAINT &** |
| ) | **DEMAND FOR JURY TRIAL** |
| SHAWN ALLYN & ) | |
| EDWARD BORGATTI ) | **Original Answer Filed on 1/6/23** |
| ) | |
| Defendants. ) | |
| ) | |
| SHAWN ALLYN & EDWARD ) | |
| BORGATTI, ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| MILLENNIUM ENGINEERING, INC. ) | |
| ) | |
| Third Party Defendant. ) | |
| ) | |

## PARTIES

1. Third-Party Plaintiff, Shawn Allyn, is a natural person with a principal place of residence at 110 Elizabeth Street, Feeding Hills, Massachusetts 01030.

2. Third-Party Plaintiff, Edward Borgatti, is a natural person with a principal place of residence at 110 Elizabeth Street, Feeding Hills, Massachusetts 01030.

3. Millennium Engineering, Inc. (hereinafter "Defendant Millennium") is a Foreign Corporation registered to do business in the State of New Hampshire with a principal place of address at 13 Hampton Road, Exeter, New Hampshire 03833.

1

4. Eric W. Botterman (hereinafter "Botterman") is the President, Vice-President, Secretary, Director and Resident Agent of Millennium Engineering, Inc. having a registered office at 13 Hampton Road, Exeter, New Hampshire, 03833.

## ALLEGATIONS

5. In or about April of 2021, Shawn Allyn and Edward Borgatti (hereinafter "Third-Party Plaintiffs) retained Plaintiff Carpentier Construction, LLC to build a new home (hereinafter LLC).

6. LLC informed Third-Party Plaintiffs that it used Defendant Millennium for all site and elevation work. The LLC represented that Third-Party Plaintiffs needed to contact Defendant Millennium.

7. Upon information and belief and based upon what the LLC verbally communicated to Third-Party Plaintiffs, the LLC was good friends with the principal at Defendant Millennium and its surveyor Henry Boyd (hereinafter "Boyd") who did all of the LLC's projects.

8. The LLC further represented that the project "would be smooth because the LLC and Boyd knew everyone in the building department and this is why you should use him."

9. Third-Party Plaintiffs contacted Defendant Millennium at 13 Hampton Road, Exeter, New Hampshire 03883.

10. Botterman proposed a contract for services on or about May 25, 2021.

11. On May 25, 2021, Botterman provided a contract which had a written scope of work (1) laying out foundation; (2) foundation as built; and (3) Final As Built and Base Flood Elevation Certificate.  See Exhibit 1.

12. The Base Flood Elevation means the water surface elevation having one-percent chance of being equaled or exceeding in any given year.

13. The contract mandated that New Hampshire Law would apply to this transaction. See Exhibit 1, § 9.

14. During the course of construction, Department of Environmental Services complaints were filed against Third-Party Plaintiffs due to the LLC's failure to take out wetland permits and/or to mitigate wetland waters by abutters on Chase Street, Hampton, New Hampshire.

15. Defendant Millennium provided consult to the LLC and billed Third-Party Plaintiffs for the same.   See Exhibit 2.

16. Although the first contract called for complete Base Flood Elevation Certificate, which had already been paid for, Defendant Millennium would not produce a final certificate for Third-Party Plaintiffs' insurance carrier until they paid additional money for a final certificate.  Defendant Millennium mandated that a second contract be executed as to the final Base Flood Elevation Certificate.   See Exhibit 3, See Exhibit 4.

17. During the course of Defendant Millennium surveying and flood elevation work, it continued to affirm and assure Third-Party Plaintiffs that flood vents would make the home FEMA compliant.   See Exhibit 4, 5, emails with Mr. Boyd on July 6, 2022.

18. Defendant Millennium knew at the time it conducted its "as built" base flood elevation work that the LLC had been dealing with DES complaints for its non-compliance with proper flood permitting.   See Exhibit 2, p. 1 (Defendants billing Third-Party Plaintiffs for consulting on "NHDES" violation letter).

3

19. Defendant Millennium knew at the time it conducted its "as built" base flood elevation work that the LLC had installed the main furnace on the lowest level of the structure including parts of the furnace which layed directly on the basement floor.

20. By early July 2022, Defendant Millennium and LLC knew of the issues being raised with the furnace placement, in particular, directly across from and adjacent to flood vents that are designed to allow water into the home.  See Exhibit 4.

21. At all time relevant to retention, Defendant Millennium maintained that the Flood Insurance Rate Map had base flood elevations of 8.   See Exhibit 6, p. 1.

22. The Base Flood Elevation Level for a zone and region can also be cross-referenced with the regional FEMA office covering the New Hampshire seacoast district.

23. On July 12, 2022, Defendant Millennium issued a Base Flood Elevation Certificate claiming the lowest elevation for machinery and equipment for the building was 7.2 and that the base of the furnace was at an elevation of 7.4.   See Exhibit 6, p. 2.

24. Defendant failed to measure from the point where the furnace components laid on the foundation floor knowing that the Flood Plain Ordinance required all of the home machinery to be above the minimum base flood elevation number.

25. Between July 26, 2022 through July 28, 2022, Defendant Millennium had numerous communications with the LLC where they spoke and orchestrated photographs for a Base Flood Elevation Certificate.   See Exhibit 2, p. 1 (billing dates).

26. Defendant Millennium never communicated the contents of those conversations to the Third-Party Plaintiffs.

27. On July 28, 2022, the Town of Hampton inspected the property with the LLC and issued a Certificate of Occupancy claiming the structure was in compliance with the Town's building code and flood plain ordinances.

28. Sometime between July 12, 2022 and July 28, 2022, Defendant Millennium altered, change and/or created a new page two of the elevation certificate. See Exhibit 7, indicating that the lowest elevation for equipment would be 8.2 attempting to assist the LLC in trying to show the building inspector the furnace was in compliance.

29. At all times, the number was knowingly false based upon published flood insurance studies and tables for the Hampton, New Hampshire seacoast.

30. To Third-Party Plaintiffs' detriment, Defendant Millennium chose to measure the home's machinery from the base frame of the furnace rather than from parts of the furnace that laid on the basement floor.

31. Defendant Millennium chose this measuring point to aid the LLC.

32. Had Defendant Millennium measured from where the actual components laid on the floor, it would never have been possible for them to have issued a Flood Elevation Certificate claiming the structure was FEMA compliant or complaint with the Town of Hampton's Flood Plain Ordinance. See Exhibit 8, photographs of December 23, 2022 flooding and the furnace components which are installed laying on the basement floor, below "the bottom of the metal furnace base," infiltrated with water.

33. At all relevant times, the Base Flood Elevation was 8.4 pursuant to the flood insurance study and tables which are publicized.

34. On November 22, 2022, after learning of the LLC's underlying lawsuit, Boyd responding to an email stating: "*the dwelling is now FEMA compliant.*"   See Exhibit 5, Boyd's November 22, 2022.

35. Boyd further informed Third-Party Plaintiffs that he would have to charge them for any other copies of any documents requested.

**COUNT 1:     Breach of Contract**

36.  Third-Party Plaintiffs incorporate herein by reference all prior allegations made herein.

37. On May 25, 2022 and June 30, 2022 Third-Party Plaintiffs entered into two (2) contracts with Defendant Millennium herein.

38. Both contracts, in part, called for Defendant Millennium to provide proper Base Flood Elevation Certificate(s) to Third-Party Plaintiffs herein and that such certification(s) would be in compliance with Codes and Standards and stated that they "shall incorporate those federal, state, and local law, regulations, codes, policies and standards" that were applicable at the time of issuing said certificate.   See Exhibits 1, 3, § 14.

39. At all relevant times, Base Flood Elevation Certificate(s) were  issued or altered, the Town of Hampton had a Flood Plain Ordinance in effect.

40. The Ordinance requires the production of a FEMA complaint Base Flood Elevation Certificates including as-built elevation at the lowest floor of the structure, including basement or crawlspace floor.

41. The Base Flood Elevation's number derives from Flood Insurance Surveys and other published flood tables.

42. The Base Flood Elevation at all relevant time was 8.4.

43. At all relevant times hereto, Defendant Millennium knew or should have known what the FEMA and Local standards were to ascertain the Base Flood Elevation at 12 Chase Street, Hampton, New Hampshire 03842.

44. Defendant Millennium failed to comply with Federal and Local regulations and ordinances in issuing the Base Flood Elevation Certificate in violation of recognized standards.

45. Defendant Millennium's certificate certified a Base Flood Level for the home machinery which reflected that the LLC was in compliance with FEMA and Town Ordinances allowing the LLC to obtain a certificate of occupancy.

46. Defendant Millennium breached all duties owed to the Third-Party Plaintiffs.

47. Defendant Millennium has caused damages to Third-Party Plaintiffs.

    **Count II:**    **Negligence**

48. Third-Party Plaintiffs incorporate herein by reference all prior allegations.

49. Defendant Millennium owed a duty of care to Third-Party Plaintiffs to perform the work in accordance with recognized standards and to ensure that the Base Flood Elevation Certificate was accurate and in accordance with Federal, State and Local regulations.

50. Defendant Millennium breached the duty of care.

51. Defendant Millennium has caused damages to the Third-Party Plaintiffs.

    **Count III:**    **Violation of New Hampshire Consumer Protection Statute**

52. Third-Party Plaintiffs incorporate herein by reference all prior allegations.

53. Defendant Millennium at all times was engaged in trade or commerce in the State of New Hampshire.

54. Defendant Millennium and its agents maintained close relationships with the LLC.

55. The LLC would repeatedly refer business to Defendant Millennium.

56. At all relevant times, Defendant Millennium knew what the appropriate Base Flood Elevation number was for a home located on Chase Street, Hampton, New Hampshire 03842.

57. Defendant Millennium intentionally attempted to manipulate the Base Flood Elevation number based upon the LLC's placement of the machinery and equipment that would service the home below the base flood elevation level in violation of State and Local regulations, to the detriment of the Third-Party Plaintiffs.

58. Defendant Millennium knew that such machinery was required to be placed above the base flood elevation level to prevent it from incurring water intrusion based upon Flood Plain Insurance Studies and FEMA tables and guidelines.

59. Defendant Millennium went to the home and viewed the placement of the home's furnace, parts of which layed on the basement floor on July 12, 2022.

60. Despite Defendant Millennium's knowledge, it's agents continued to misrepresent to Third-Party Plaintiffs that the home was "FEMA compliant."

61. At final inspection, Defendant Millennium knew and/or should have known that the flood vents were not placed as required by FEMA regulations, nor should have the machinery of the home been placed in an enclosure surrounded by non-compliant materials.

62. On July 12, 2022, Defendant Millennium went to the home and arrived at a number for the lowest base flood elevation for the home's equipment.

63. Defendant Millennium willfully made the initial July 12, 2022 certification knowing it was not in compliance with recognized standards to the detriment of Third-Party Plaintiffs.

64. Between July 26, 2022 and July 28, 2022, Defendant Millennium conferred with the LLC on the flood issues and certificate it would need in order for the structure to pass inspection.   See Exhibit 2.

65. At some point, page 2 of the July 12, 2022 Base Flood Elevation Certificate, was modified indicating that the lowest point for machinery was 8.2 and recertified as having been done on the same day.   See Ex. 7.

66. This change was willfully done by Defendant Millennium to assist the LLC in trying to show compliance to the Town of Hampton Building inspector.

67. The change in the Base Flood Elevation Certificate was knowingly false and was done to the detriment of the Third-Party Plaintiffs.

68. At all relevant times prior to issuing a Base Flood Elevation Certificate certifying that the home was in compliance, Defendant Millennium knew that it was not in compliance.

69. Defendant Millennium knew of the lack of flood oversight as it charged Third-Party Plaintiffs to consult with the LLC in attempting to resolve the complaints.

70. Defendant Millennium intentionally chose to align the measurements with the "bottom of the metal furnace base" of the furnace rather than the furnace equipment which laid on the floor of the basement below the minimum base flood elevation in order to aid the LLC.

71. Defendant Millennium did so willingly and knowingly to the detriment of the Third-Party Plaintiffs.

72. Had Defendant Millennium issued a proper Base Flood Elevation Certificate, an occupancy permit could not have issued for the LLC as it would have placed the home's

machinery below base flood elevation levels and violated the Town of Hampton's Flood Plain Ordinance.

73. Defendant Millennium further forced Third-Party Plaintiffs to pay twice for the as-built Certificate as they had already paid for such services as outline in the first contract. See Exhibit 4.

74. All all times hereto, Defendant Millennium's conduct was unfair and deceptive.

75. Defendant Millennium has caused damages to the Third-Party Plaintiffs.

WHEREFORE, Defendants pray as follows:

1. Court find for Third-Party Plaintiffs;
2. Court assess damages and interest thereon;
3. Court award up to three times but not less than two times the amount of their damages;
4. Court award Third-Party Plaintiffs their attorney fees and reasonable costs;
5. Court make any other order it deems fair and just.

/s/  Shawn P. Allyn                                          /s/ Edward P. Borgatti

_____                              _____
Shawn P. Allyn                                                Edward P. Borgatti
Pro Se                                                              Pro Se
110 Elizabeth Street                                         110 Elizabeth Street
Feeding Hills, MA 01030                                 Feeding Hills, MA 01030
(413) 535-7440                                                (413) 530-6574
Email:  sallyn@allynandball.com               Email: ed@borgatti.com

## CERTIFICATE OF SERVICE

      I, hereby certify that the foregoing Third Party Complaint will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants.  The undersigned hereby certify that they have caused a copy of the foregoing Answer, Counterclaim and Defenses to be mail first-class, postage prepaid to William Warren, Esq. of Donahue, Tucker & Ciandella, 16 Acadia Lane, Exeter, New Hampshire 03833 this 13th day of January 2023.

/s/  Shawn P. Allyn                                             /s/ Edward P. Borgatti
_____                             _____
Shawn P. Allyn                                                   Edward P. Borgatti
Pro Se                                                                  Pro Se
110 Elizabeth Street                                            110 Elizabeth Street
Feeding Hills, MA 01030                                    Feeding Hills, MA 01030
(413) 535-7440                                                   (413) 530-6574
Email:  sallyn@allynandball.com                      Email: ed@borgatti.com