**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Carpentier Construction, LLC

    v.                                            Civil No. 22-cv-557-LM

Shawn P. Allyn & Edward P. Borgatti

**REPORT AND RECOMMENDATION**

This construction dispute arises out of plaintiff Carpentier Construction LLC's ("Construction LLC") work as general contractor building a house for defendants Shawn Allyn and Edward Borgatti.[1] Construction LLC alleges that Allyn & Borgatti failed to pay it for some of the work it performed building the house. Allyn & Borgatti responded with counterclaims against Construction LLC for breach of contract, breach of warranty, and violation of the New Hampshire Consumer Protection Act, RSA Chapter 358-A. Allyn & Borgatti allege that Construction LLC's work was incomplete or shoddy and that Construction LLC deceived them about these flaws or its intent to remedy them.

In addition to the counterclaims against Construction LLC, Allyn & Borgatti filed a third-party complaint (Doc. No. 40) against Norman Carpentier, who appears to be Construction LLC's

---

[1] Mr. Allyn is unrepresented in this suit, but he is a practicing lawyer. Mr. Borgatti filed the third-party complaint pro se alongside Mr. Allyn, see doc. no. 40 at 7, but he is now represented by separate counsel.

sole member, and 82 Island Path Road LLC ("Island Path LLC"), another business for which Mr. Carpentier is apparently the only member.  In the third-party complaint, Allyn & Borgatti allege that Mr. Carpentier and Island Path LLC violated the Uniform Fraudulent Transfers Act ("UFTA"), RSA Chapter 545-A, by transferring real property located at 82 Island Path Road in Hampton, New Hampshire (the "Subject Property"), to Island Path LLC for nominal consideration.

Mr. Carpentier and Island Path LLC move to dismiss (Doc. No. 54) the third-party complaint for failure to state a claim upon which relief can be granted.  They contend, in summary, that the third-party complaint fails to allege facts showing that Allyn & Borgatti have a claim against Mr. Carpentier; that Mr. Carpentier was insolvent; or that Mr. Carpentier intended to hide assets in transferring the Subject Property.  For the following reasons, however, the District Judge should not reach those issues because the equitable relief Allyn & Borgatti seek in the third-party complaint is ineffective or unavailable from Mr. Carpentier or Island Path LLC.

## **Background**

The court draws the following facts from the third-party complaint and attachments, construing those facts in the light most favorable to Allyn & Borgatti and drawing all reasonable

inferences in their favor.  See Burt v. Bd. of Tr. of Univ. of R.I., 84 F.4th 42, 50 (1st Cir. 2023) (setting out standard of review for motions to dismiss under Rule 12(b)(6)).  Allyn & Borgatti hired Construction LLC to build a house for them. While building that house, Construction LLC (and Mr. Carpentier, as its principal) learned about potential environmental violations that required modifications to its design and construction.  Around two weeks after he learned about these violations, Mr. Carpentier transferred the Subject Property to Island Path LLC for nominal consideration.

Allyn & Borgatti allege that they have a "claim" against Mr. Carpentier such that the Subject Property's transfer was fraudulent and subject to remedies under the UFTA.  In the third-party complaint, Allyn & Borgatti request two specific remedies under the UFTA: (1) an injunction prohibiting "further transfer" of the Subject Property; and (2) an attachment on the Subject Property.  Doc. No. 40, at 7; see RSA 545-A:7.

In their motion to dismiss and among their other arguments, Mr. Carpentier and Island Path LLC assert that Island Path LLC transferred the Subject Property to a nonparty, Cybele S. Grier as trustee of the Cybele S. Grier 2008 Revocable Trust (the "Grier Trust").  Doc. No. 54-2 (deed).[2]  Allyn & Borgatti filed

---

[2] The court may consider the deed even though it was not attached to the complaint because it is public record.  See,

3

the third-party complaint a few days before Island Path LLC transferred the Subject Property to Grier Trust.[3] The third-party complaint thus does not make any allegations about that transfer or how it affects the requested relief.

The court held oral argument on the motion to dismiss on November 1, 2023. During oral argument, the court indicated its concern about whether it could order the relief sought by Allyn & Borgatti in the third-party complaint considering the Subject Property's transfer to a nonparty. In response, Allyn asserted that equitable principles permit them to obtain the relief sought notwithstanding the transfer. Allyn & Borgatti have not moved to amend the third-party complaint in light of the transfer.

## Discussion

Without addressing whether there may be other defects in the third-party complaint as pleaded, its dismissal is warranted because, in light of the Subject Property's transfer, the relief

---

e.g., Rice v. Santander Bank, N.A., 196 F. Supp. 3d 146, 149 n.3 (D. Mass. 2016).

[3] Specifically, Allyn & Borgatti moved for leave to file the third-party complaint on March 7, 2023, which the court granted on March 24. Allyn & Borgatti filed the third-party complaint the same day. On March 30, Allyn & Borgatti moved for an ex parte attachment of the Subject Property given that Island Path LLC had put the Subject Property up for sale. The deed transferring the Subject Property to Grier Trust was recorded on March 31.

Allyn & Borgatti request is ineffective or cannot be obtained from Mr. Carpentier or Island Path LLC.

In the third-party complaint Allyn & Borgatti only seek equitable relief as to the Subject Property.  But any injunction against Mr. Carpentier or Island Path LLC limiting transfer of the Subject Property would be ineffective because neither controls the Subject Property.  And to the extent Allyn & Borgatti seek other equitable relief as to the Subject Property, such as attaching the Subject Property or voiding its prior transfer, that relief is unavailable as against Mr. Carpentier or Island Path LLC because neither possesses the Subject Property.  See, e.g., Cendant Corp. v. Shelton, 473 F.Supp.2d 307, 313 (D. Conn. 2007) (denying motion for ex parte prejudgment security on property under Connecticut implementation of UFTA where subsequent transferee was not named as defendant); Reed v. Reed, 277 Neb. 391, 399 (2009) ("An action under the UFTA is equitable in nature, and all persons whose rights will be directly affected by a decree in equity must be joined as parties in order that complete justice may be done and that there may be a final determination of the rights of all parties interested in the subject matter of the controversy."); 37 C.J.S. Fraudulent Conveyances § 180 (August 2023 update) ("[T]he transferee is a necessary party defendant in an action to declare a transfer to the transferee void as

5

fraudulent."); see also RSA 545-A:8, I, II(b), & IV (discussing defenses and rights of transferees who take property in good faith and for a reasonable equivalent value); Tsiatsios v. Tsiatsios, 144 N.H. 438, 444 (1999) ("Judgment in a fraudulent transfer case may be entered against the first transferee of the asset unless the transferee took in good faith and for a reasonably equivalent value.").

Beyond a boilerplate prayer for "any other order [the court] deems fair and just," doc. no. 40 at 7, Allyn & Borgatti ask for no other relief as to Mr. Carpentier or Island Path LLC. See Harris v. Univ. of Mass Lowell, 43 F.4th 187, 192-93 (1st Cir. 2022) (boilerplate general prayer for relief in complaint does not preserve a request for damages); Governor Wentworth Reg'l Sch. Dist. v. Hendrickson, 201 Fed. Appx. 7, at *9 (1st Cir. 2006) (same).  Because there is no relief requested in the third-party complaint that the court may order, Mr. Carpentier and Island Path LLC's motion to dismiss (Doc. No. 54) should be granted.  The third-party complaint (Doc. No. 40) should be dismissed.

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

December 6, 2023
cc: Counsel of Record
    Shawn P. Allyn, pro se